UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

SHABTAI SCOTT SHATSKY, et al,

    Plaintiffs

                                                               08 cv 496 (RJL)

    v.

THE SYRIAN ARAB REPUBLIC, et al,

    Defendants

_____

OPPOSITION OF THE SYRIAN ARAB REPUBLIC TO
PLAINTIFFS MOTION FOR REFERRAL TO A MAGISTRATE
JUDGE

    This memorandum is submitted by the Syrian Arab Republic in opposition to plaintiffs motion, filed electronically on April 4, 2010, for referral of this case to a Magistrate Judge for a hearing on liability and damages required by FSIA §1608(e) before default judgment can be entered against Syria as a foreign sovereign. Plaintiffs Memorandum in Support of their present Motion for Referral (hereinafter "Referral Memo") "point[s] out" in ¶ 11 at pg. 3, that Magistrate Judge Facciola is the judge to whom the referral should be made, basing this choice of judge on a fictive claim of exclusive expertise as is discussed infra in Point 4, infra

    This case was originally filed as one action on November 18, 2002, 02cv2280(RJL), against two Palestinian defendants, the Palestinian Authority and the Palestine Liberation Organization, and the Syrian Arab Republic and several Syrian military departments and officers.

1

The complaint alleged Palestinians committed acts of terrorism that caused death and injuries and that the Syrians provided material support and resources of all kinds to Palestinians over decades. The complaint sought compensatory damages of $300 million dollars on behalf of two decedents's estates and more than twenty other plaintiffs for deaths and injuries resulting from a suicide bombing at a pizzeria in the West Bank on February 16, 2002, Complaint, WHEREFORE Clause A at pg. 35, which the complaint alleges Palestinians committed. On May 2, 2005 plaintiffs split the case in two by filing a voluntary dismissal of the suit against defendants other than the PLO and PA, a dismissal the notice said "shall be **without prejudice**" (emphasis in original). The Notice stated "Plaintiffs will file a new action against the dismissed [Syrian] defendants shortly". Doc. 55, 02cv2280(RJL). Just short of a year later, on April 21, 2006, plaintiffs filed a new action against the Syrian defendants (06cv724(RJL)) and on March 21, 2008 filed still another action (08cv496(RJL)) against them, both asserting the same claims Syria provided material support and resources as the original complaint.

## Argument

**1.) Plaintiffs motion is premature**

Until the liability, if any, of the Palestinian defendants to plaintiffs is finally resolved, if and when liability is found and damages are assessed, the hearing now sought by plaintiffs against Syria on liability and damages necessary under FSIA 1608(e) before a default judgment can be entered will remain premature because Syria's liability depends entirely on the liability of the Palestinian defendants, the PA and PLO for the acts plaintiffs allege were committed by Palestinians causing death and injury alleged by plaintiffs. Syria is being charged solely with providing material support for acts of terrorism by the Palestinian defendants. Syria is not

2

charged with the commission of any of the four acts of terrorism listed in FSIA §1605(a)(7) or §1605A. Unless the Palestinian defendants are held liable for plaintiffs alleged injuries, aid alleged to have been provided Palestinian defendants by Syria could not have injured plaintiffs.

Nor should there be a hearing on damages arising from the acts plaintiffs allege Palestinian defendants alone committed, in this severed case against Syria for its alleged material support provided Palestinians before the liability, if any, and damages are determined against the Palestinian defendants. In addition to being legally and logically barred, the premature hearing plaintiffs are seeking on their present motion is an imposition on the Court and a waste of judicial resources. Plaintiffs are seeking to determine liability and damages against Syria whose liability and assessment of damages depends entirely on the liability and damages assessed against Palestinian defendants which must therefore be determined first.

In addition, plaintiffs are fully aware that Syria will not appear, or defend on the merits of the case, while Palestinian defendants have appeared and will present a vigorous defense. Plaintiffs seek to take advantage of an undefended proceeding against Syria before facing opposition on liability and damages in a contested proceeding against Palestine which alone is charged with committing the violent acts on which plaintiffs case is based..Well over 20 plaintiffs are seeking huge damages against the Palestinian defendants and against Syria in this case for alleged material support, plaintiffs are seeking $1 billion dollars in punitive damages and compensatory damages of $300 million dollars in the WHEREFORE CLAUSES of the complaints they filed in 2006 under FSIA §1605(a)(7) and in 2008 under FSIA §1605A.

The PA and PLO, represented by new counsel in this Court since in or about April 2007 under new instructions to litigate the case fully on the merits, are engaged in active litigation with

plaintiffs, which at present centers on whether the default entered by the Clerk against the PA and PLO will be set aside.

If the PA and PLO prevail against plaintiffs, it is virtually certain that plaintiffs will be unable to succeed in their case against Syria – in the absence of actionable terrorism by the PA and PLO  plaintiffs case against Syria will fail because it is predicated solely on the claim Syria provided support for acts of terrorism by the PA and PLO.

If plaintiffs succeed in establishing their claims against the PA and/or the PLO , under the Anti-Terrorism Act, 18 U.S.C. §2331 et seq,  determination of the damages to be awarded against the PA and PLO must be determined first, because they represent the outer limit of Syria's liability. In addition, in the interests of efficiency and economy the Court should consider  joint or consolidated proceedings, assuming the Court is satisfied with the evidence of Syria's liability, which should not be assumed.

And before liability and dwamages of Syrian defendants are considered, the individual Syrians named as defendants should be dismissed.  They have not been served and they are not present in the United States.

**2.) Plaintiffs present motion seeks to accomplish plaintiffs explicit purpose to circumvent the final judgment rule and the certification requirement of Fed.R.Civ.P 54(b).**

By the voluntary dismissal filed by plaintiffs, this case has been split in two for the explicit purpose of circumventing the final judgment rule and the certification required by Rule 54(b) before an appeal can be taken when fewer than all claims have been finally resolved.   The notice of voluntary dismissal filed by plaintiffs on May 2, 2005, Doc. 55, 02cv2280(RJL) explained that the purpose of the dismissal was

4

> to avoid any delay in entry of final judgment against the PLO and PA that might result from the pendency of the action against the other defendants by operation of Fed. R. Civ. P. 54(b).

In this case, where there are multiple claims, the final judgment rule bars the appeal of a claim before all claims are finally disposed of unless the Court expressly determines under Rule 54(b) "there is no just reason for delay"  Rule 54(b) provides in part:

> (b) Judgment on Multiple Claims or Involving Multiple Parties. When an action presents more than one claim for relief ...or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

In the present case, plaintiffs voluntary dismissal of the Syrian defendants on May 2, 2005, Doc. 55, 02cv2280(RJL), and plaintiffs subsequent maneuvers including the filing of non-final claims in separate "related" new actions, 06cv724 and 08cv496, were done for the express purpose of circumventing the final judgment rule without securing a Rule 54(b) certification.  This type of evasion of Rule 54(b) in contravention of the final judgment rule has been criticized and in some cases held to fail to create a separate appealable final judgment resulting in the dismissal of appeals for lack of jurisdiction.  *See* e.g., Robinson-Reeder v. American Council on Education, 571 F.3d 1333 (D.C. Cir. 2009)(Appeal dismissed for lack of appellate jurisdiction; in what purported to be an appeal from a final judgment, the appeal violated the final judgment rule --not all claims had been dismissed and no Rule 54(b) determination had been made).  Thus the present Shatsky case, 08cv496(RJL), filed expressly to circumvent the final judgment rule without Rule

54(b) certification, is under a jurisdictional cloud that may preclude appeal if the case ends in what purports to be a final judgment before final disposition of all the claims asserted in the original action. *See*, generally, Cochron, "Manufacturing" A Final Judgment Through Voluntary Dismissal of Peripheral Claims, 48 Mercer L. Rev. 979 (1997). This in itself is reason enough to deny plaintiffs present motion which seeks by "the fastest means" available to procure default judgment against Syria, see Referral Memo at p. 3, n. 2, in purposeful disregard of the final judgment rule. And this after plaintiffs themselves have sued Syrian defendants in three separate cases in 2002, 2006 and 2008.

**3.) There are defects in the defaults entered against Syria in this case by the Clerk**

The affidavit of default by plaintiffs attorney, dated March 18, 2010 erroneously certified to the Clerk that the defendants it listed, the Syrian Arab Republic and three core elements of the Syrian government, the Syrian Ministry of Defense, Syrian Military Intelligence and the Syrian Air Force Intelligence Directorate, made no appearance, filed and served no pleading, were given no extension and that the time for filing has expired. The affidavit mentioned "Rule 12(b) motion denied 2/25/10" and then went on to certify the absence of any appearance or pleading by said defendants. Doc. #24. After the affidavit was filed, the Clerk entered default against the 3 core elements of the Syrian government on March 19, 2010, Doc. # 25, and with no additional submission shown by the docket, on March 22, 2010 entered a separate fourth default against the Syrian Arab Republic, Doc. #26 – all defaults for failure to plead or otherwise defend the action. Contrary to these two defaults entered by the Clerk Syria did file pleadings including its jurisdictional defenses in a Rule 12(b) motion and a Reply in support of the motion. The defaults are erroneous on their face and should not be permitted to stand without correction.

### 4.) Plaintiffs attempt to choose the Magistrate Judge to whom this case may be referred is improper.

This Court has three Magistrate Judges in office and active service.  An attempt to select one, as plaintiffs have done in their motion, is improper   No one, not even plaintiffs,  disputes that all three Magistrate Judges can readily handle the liability and damages hearing contemplated by plaintiffs present motion.   Plaintiffs recognize this but claim for their choice avery extensive experience, a claim which they attempt to support by the flimsy citation of three cases in this Court against Iran, stating:

> 11. Needless to say, the plaintiffs have no preferences among the excellent magistrate judges of this Court. However, plaintiffs would respectfully point out that Magistrate Judge Facciola has very extensive experience with FSIA terrorism actions such as the instant case, since virtually all referrals of such cases to a magistrate judge for liability and damages findings have been to Magistrate Facciola.[citing three cases against Iran].

Plaintiffs attorney undoubtedly has reasons for his choice of Magistrate Judge other than his "virtually all" experience.   He is seeking to recuse the judge in another case against the PA and PLO in this District in which he is also attorney for the plaintiffs.  In this other case the District Court vacated the default that had been entered against the PA and PLO, on conditions that have been met and is proceeding with scheduled trial preparations and trial, having also denied the recusal motion and stays sought by plaintiffs.  In an all-out effort to change these results plaintiffs attorney is pressing an interlocutory appeal, Court of Appeals docket 10-7003, and two mandamus petitions, appeals docket 10-1088 and 10-5095.   Plaintiffs attorney has also in that same case filed objections to an important ruling by Magistrate Judge Robinson which has implications for other cases of plaintiffs attorney which may well factor in his request that this case be referred to his choice of Magistrate Judge.

**Conclusion**

Plaintiffs motion for referral to a Magistrate Judge should be denied.

Dated: April 21, 2010 	Respectfully submitted,
	/s/
	Ramsey Clark DC Bar No. 73833
	/s/
	Lawrence W. Schilling
	37 W. 12 th St.
	New York, NY 10011
	212-989-6613 fax 212-979-1583
	email: lwschilling@earthlink.net
	Attorneys for the Syrian Arab Republic

**Certification**

I certify that on April 21, 2010 I filed the within Opposition Memorandum of the Syrian Arab Republic via the ECF system which served the necessary counsel of record for plaintiffs, as follows:

David J. Strachman
McIntyre, Tate & Lynch
321 South Main Street, Ste. 400
Providence, RI 02903

Dated: April 21, 2010

/s/
_____
Lawrence W. Schilling