# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

SHABTAI SCOTT SHATSKY, et al.

      v.                                                                                             Civ. No. 08-00496(RJL)

SYRIAN ARAB REPUBLIC, et al.

## REPLY IN FURTHER SUPPORT OF PLAINTIFFS' MOTION FOR REFERRAL TO A MAGISTRATE JUDGE FOR A POST-DEFAULT REPORT AND RECOMMENDATION ON LIABILITY AND DAMAGES PURSUANT TO 28 U.S.C. § 1608

### Introduction

Defendant Syrian Arab Republic ("Syria") – which, along with the other appearing Syrian defendants, intentionally defaulted this action after their Rule 12(b) motion was denied – has filed a memorandum in opposition (dkt. # 28) to plaintiffs' Motion for Referral to a Magistrate Judge for a Post-Default Report and Recommendation on Liability and Damages.

In its opposition Syria unabashedly admits that it "will not appear, or defend on the merits of the case." *Id.* at 3.

Despite – or, rather, precisely because of – its intention not to defend this action on the merits, Syria has now adopted a new "line of defense" consisting entirely of a contumacious, bad-faith strategy of stalling and delaying this case by any possible means.

In furtherance of this strategy, Syria's opposition throws up a handful of arguments as to why plaintiffs' motion should not be granted.

**As shown below, all of Syria's arguments are <u>utterly false and frivolous</u>, and constitute nothing but a bad-faith effort to delay final disposition of this case**.

The Court should firmly reject Syria's stalling tactics and grant the instant motion.

1

# ARGUMENT

Syria first argues that this case should be indefinitely stalled because "Syria's liability depends entirely on the liability of" the Palestinian Authority ("PA") and the Palestine Liberation Organization ("PLO") in Civ. No. 02-2280(RJL) and "is predicated solely on the claim Syria provided support for acts of terrorism by the PA and PLO." *Id*. at 2, 4.

**This claim is a blatant falsehood**.

Plaintiffs allege in this action that the March 26, 1991 shooting and the February 16, 2002 bombing at issue here were carried out by the Popular Front for the Liberation of Palestine ("PFLP"), and that **the Syrian defendants are liable because they provided extensive material support and resources *directly* to the PFLP** – not to the PA or PLO. *See* dkt. # 1 at ¶¶ 32-40, 43, 49-52, 57-68.

In Civ. No. 02-2280, the PA and PLO are also being sued for providing material support and resources *directly* to the PFLP. *See id*. at dkt. # 77 at 35-40 and # 97 at 2-5, 27-20.

**Thus, the factual question of whether the Syrian defendants provided material support and resources to the PFLP is totally unrelated to whether the PA and PLO did so**.

As a matter of law, if the Syrian defendants provided material support to the PFLP they will be liable irrespective of whether the PA and PLO did so as well – and vice versa. And if ***all*** defendants did so they will ***all*** be liable. *See Kilburn v. Socialist People's Libyan Arab Jamahiriya*, 376 F.3d 1123, 1129 (D.C. Cir. 2004) (provision of material support to a terrorist group is actionable irrespective of whether the support is supplied by one or several providers); *Boim v. Holy Land Foundation*, 549 F.3d 685, 698 (7th Cir. 2008) (same).

Accordingly, the claim that "Syria's liability depends entirely on the liability of" the PA and PLO is **absolutely baseless as a matter of both fact and law**.

Furthermore, in Civ. No. 02-2280 the PA and PLO are ***not*** being sued for the March 26, 1991 shooting. That fact alone collapses Syria's entire argument, because even under Syria's theory, nothing that transpires in Civ. No. 02-2280 could possibly affect its liability for the March 26, 1991 shooting.

Syria next claims that this case should be deep-sixed because "the determination of the damages to be awarded against the PA and PLO must be determined first, because they represent the outer limit of Syria's liability." Dkt. # 28 at 4. This argument, too, is nonsense. The determination of damages and (if their pending motion to vacate default is granted) liability against the PA and PLO will be made by a jury. By contrast, Syria's liability and the award of damages against Syria must be determined in a ***bench trial***. 28 U.S.C. § 1330(a).

Indeed, it is well established that even where (unlike here) a plaintiff elects to pursue claims against sovereign and non-sovereign defendants in a ***single suit***, the court must conduct a bench trial for the sovereign defendants and a separate jury for the non-sovereign defendants. *See Matthews v. CTI*, 871 F.2d 270, 279 (2nd Cir. 1989) ("[T]he FSIA's insulation of a foreign sovereign from jury fact-finding ... assures the foreign sovereign the benefit of a court's fact-finding even where such fact-finding differs from the fact-finding of a jury on the same issue in the same trial."); *Gould v. Aerospatiale Helicopter*, 40 F.3d 1033 (9th Cir. 1994) (same).

Thus, even if the instant plaintiffs had maintained a single suit against the Syrian defendants and the Palestinian defendants, this Court would have had to conduct two separate liability and damages trials – one before a jury and one a bench trial.

All the more so where, as here, the plaintiffs have elected to bring two separate suits – as was their right: "It has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit." *Temple v. Synthes Corp., Ltd.*, 498 U.S. 5, 7 (1990).

The fact that the Syrian defendants were originally named in Civ. No. 02-2280 and then voluntarily dismissed provides no support whatsoever for Syria's argument, since "[t]he effect of a voluntary dismissal without prejudice pursuant to Rule 41(a) is to render the proceedings a nullity and leave the parties as if the action had never been brought." *Smith v. Dowden*, 47 F.3d 940, 943 (8th Cir. 1995) (quotations omitted). *See also e.g. Beck v. Caterpillar Inc.*, 50 F.3d 405, 407 (7th Cir. 1995) (A suit that "was voluntarily dismissed pursuant to Fed.R.Civ.P. 41(a) ... is treated as if it had never been filed.").

Syria next argues that this case should be frozen because plaintiffs dismissed the Syrian defendants from Civ. No. 02-2280 in order to obtain a final judgment against the PA and PLO in purported breach of the doctrine (adopted by some courts of appeals) that prohibits the use of voluntary dismissals in order to obtain an immediate final judgment. Dkt. # 28 at 4-6.

This argument is utterly frivolous for multiple reasons:

*First*, the case cited by Syria itself, *Robinson-Reeder v. American Council on Educ.*, 571 F.3d 1333, (D.C. Cir. 2009), declined to adopt the doctrine Syria relies on. *Id*. at 1338-1339.

*Second*, even if this doctrine applied in this Circuit, which it does not, it would be relevant only to entry of final judgment against the PA and PLO in Civ. No. 02-2280 – i.e. in the *original* case from which the Syrian defendants were dismissed. Thus, Syria has got it exactly backwards: if the doctrine applied here, final judgment would have to be entered *first* in this case – thereby disposing of action against the defendants dismissed from the original action – *before* it could enter in Civ. No. 02-2280.

*Third*, even the circuits that have adopted this doctrine apply it only to a partial dismissal of claims against a single defendant, not to the dismissal of some of several defendants. *See e.g. Duke Energy Trading v. Davis*, 267 F.3d 1042, 1049-1050 (9th Cir. 2001); *State of Missouri v.*

4

*Coeur D'Alene Tribe*, 164 F.3d 1102 (8th Cir. 1999). *See also* 8 Moore's Federal Practice ¶ 41.33[8][g][1] (3d ed. 1998) ("The plaintiff should [also] be permitted to expedite review of an involuntary dismissal of a defendant by dismissing the remaining defendants. Although an attempt to facilitate an appeal of an adverse order by voluntarily dismissing the remaining claims is generally prohibited unless the dismissal is with prejudice ... the complete dismissal of a defendant from the lawsuit to expedite review should be permitted since the defendant will not be subject to the risk of multiple suits in different forums.")

*Fourth*, even the circuits that have adopted the doctrine upon which Syria seeks to rely apply it only to dismissal used to gain an immediate appeal of an *adverse* judgment. No court has ever applied this doctrine where, as here, a plaintiff used a dismissal in an effort to obtain a *favorable* and immediately enforceable judgment. *See* Moore's Federal Practice, *id*. ("[A]n attempt to facilitate an appeal of an *adverse order* by voluntarily dismissing the remaining claims is generally prohibited unless the dismissal is with prejudice.") (emphasis added).

Syria's next claim is that the entry of defaults against it and the other appearing Syrian defendants are defective, because the affidavit for entry of default submitted by plaintiffs' counsel was inaccurate. Dkt. # 28 at 6.

This claim, too, is just more dilatory nonsense:

*First*, Rule 55(a) does not require any affidavit for entry of default. *See id*. ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit *or otherwise*, the clerk *must* enter the party's default.") (emphasis added). Since it is clear from the docket and undisputed that the Syrian defendants' Rule 12(b) motion was denied and they failed to file an answer (timely or at all), the entry of their defaults was entirely proper, irrespective of any alleged defect in the affidavit.

*Second*, there is nothing defective whatsoever in the affidavit. The on-line affidavit form appearing on the Court's website requires the plaintiff to certify that "no appearance has been entered by said defendant(s) in this case; no pleading has been filed and none served upon the attorney for the plaintiff." Dkt. # 24. Because the Syrian defendants have indeed appeared but failed to serve an answer after their motion to dismiss was denied, plaintiffs included the clarification "Rule 12(b) motion denied 2/25/10" in the affidavit. *Id*.

Thus, the affidavit was perfectly accurate.

Finally, Syria attacks plaintiffs for judge-shopping because they pointed out the fact that Magistrate Judge Facciola has handled virtually all the FSIA terrorism cases referred to magistrate judges in this Court.

It goes without saying that neither the plaintiffs nor their counsel have any preference whatsoever between the three excellent magistrate judges of this Court.

WHEREFORE, the instant motion should be granted.

Plaintiffs, by their Attorney,

/S/
David J. Strachman
D.C. Bar No. D00210
McIntyre, Tate & Lynch
321 South Main Street, Ste. 400
Providence, RI 02903
(401) 351-7700

## **CERTIFICATION**

      I certify that on May 4, 2010, I filed the within memorandum via the ECF system which served the following counsel of record:

Ramsey Clark
Lawrence W. Schilling
37 West 12th St.
New York, NY 10011

                                                                    /S/
                                                David J. Strachman