# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

SHABTAI SCOTT SHATSKY, et al.

v.                                                       Civ. No. 08-00496 (RJL)

SYRIAN ARAB REPUBLIC, et al.


### PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE

On July 3, 2012, this Court ordered Plaintiffs to show cause in writing "within thirty days of th(e) order why th(is) action should not be dismissed without prejudice for failure to prosecute pursuant to local rule 83.2….". [DE 33][1] ("Order to Show Cause")

Plaintiffs now file their written response to the Order to Show Cause.

### RELEVANT BACKGROUND

This is a civil action filed under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. Sec. 1602 *et seq.*, seeking relief from Defendants Syrian Arab Republic ("Syria") and other Syrian agencies and instrumentalities, based on their provision of massive material support and resources to the Popular Front for the Liberation of Palestine ("PFLP"), a terrorist organization which carried out terrorist attacks on the date and in the manner specified in the Complaint in this case. [DE 1]

Allegations against these Syrian Defendants initially were brought as part of an earlier-filed case, *Shatsky et al. v. Syrian Arab Republic*, 02-cv-2280-RJL, together with allegations against the Palestinian Liberation Organization ("PLO") (an umbrella organization of which the

---

[1]   The Order to Show Cause apparently was signed by the Court on July 3, 2012; but was not entered on the docket until July 9, 2012. [DE 33]

PFLP is a constituent part) and the Palestinian Authority ("PA"), brought under a separate and distinct statutory framework, the Anti-Terrorism Act ("ATA"), 18 U.S.C. Sec. 2233 *et seq*.

On May 2, 2005, Plaintiffs voluntarily dismissed these Syrian Defendants from 02-cv-2280-RJL [DE 55 in 02-cv-2280-RJL], and filed the Complaint in a parallel, related action, pending before this Court, *Shatsky v. Syrian Arab Republic,* 06-cv-724-RJL, on April 21, 2006. [DE 1 in 08-cv-724-RJL]

Plaintiffs dismissed these Syrian Defendants from the original action in which they were joined as defendants with the PLO and PA, 02-cv-2280-RJL, and initiated a separate action under the FSIA (first 06-cv-724-RJL and then the instant action) for a variety of reasons.

First, the factual allegations and supporting evidence of material support to the terrorist organization PFLP are independent and distinct as to the Syrian Defendants in this case (and in 06-cv-724-RJL) and the PLO and PA in 02-cv-2280-RJL. Secondly, the statutory bases which underlie the two cases are quite different, with one permitting a jury trial and the other not. This would have necessitated two trials in one case, had they remained together. *See e.g. Matthews v. CTI*, 871 F.2d 270, 279 (2nd Cir. 1989). Additional practical reasons made the voluntary dismissal and re-filing as a separate case advisable.

A detailed procedural history of the pending 06-cv-724-RJL case was provided in Plaintiffs' Response to the Order to Show Cause filed in that case on July 27, 2012 [DE 47 in 06-cv-724-RJL] and Plaintiffs need not burden the Court here with a repetition of that history.

Suffice it to say, Plaintiffs filed the instant action, also under the FSIA and with the same factual allegations as in 06-cv-724-RJL because of a change in the law which superseded the statutory framework on which 06-cv-724-RJL was based when it was filed.

In enacting the new legislation at issue, the National Defense Authorization Act for Fiscal Year 2008 ("NDAA"), in January of 2008, Congress repealed 28 U.S.C. Sec. 1605(a)(7), the former state-sponsored terrorism exception under the FSIA – the statutory basis under which 06-cv-724-RJL was filed – and replaced it with a new state-sponsored terrorism exception, set forth at 28 U.S.C. Sec. 1605A, which created a "federal right of action against foreign states" and permits recovery of punitive damages, while providing new language for the enforcement of judgments. *See Haim v. Islamic Republic of Iran*, 784 F. Supp. 2d 1, 4 (D.D.C. 2011).[2]

On June 22, 2009, Defendants in this action filed a motion to dismiss [DE 19] and, as the Order to Show Cause notes, the motion to dismiss was denied on February 25, 2010. [Minute Order of February 25, 2010]

Defendants thereafter failed to file an Answer to the Complaint or otherwise appear in the case and on March 19, 2010 and March 22, 2010, the Clerk of the Court entered a Default against the Defendants. [DE 25; 26].[3]

On April 4, 2010, Plaintiffs filed a motion asking the Court to refer the case to a Magistrate Judge for the taking of evidence in order to enter a Default Judgment. [DE 27]

On March 7, 2011, the Court entered a Minute Order denying the motion seeking referral to a Magistrate Judge. [Minute Order of March 7, 2011]

---

[2]    Based on the enactment of this new legislation, on April 10, 2008, Plaintiffs sought leave to file a Second Amended Complaint in 06-cv-724-RJL to reflect the new superseding statute under which they would be preceding against Syria [DE 31 in 06-cv-724-RJL]; but on May 12, 2008, this Court denied the Motion to Amend the Complaint in that case, [Minute Order of May 12, 2008 in 06-724-RJL].  The instant case is the only vehicle by which Plaintiffs can seek the full measure of relief to which they are entitled under the law, as amended in 2008.

[3]    In addition to failing to file an Answer or otherwise appear, Defendants expressly have advised the Court that they "will not appear, or defend the merits of the case …." [DE 28 at 3]

While there are several ways under 28 U.S.C. Sec. 1608 for the Court to proceed in order to enter a judgment on the default, in suggesting the referral to a Magistrate Judge, Plaintiffs had intended to propose a method which they believed would be the least taxing on the Court's busy calendar.[4]  Frankly, Plaintiffs did not know how next to proceed, given the denial of their Motion by Minute Order.  Clearly, Plaintiffs are entitled to the entry of a judgment on the default and they wish to proceed to the entry of judgment in the most expeditious manner possible, which comports with the Court's wishes on how appropriately to do so.

On April 24, 2012, previous counsel for the Plaintiffs moved to withdraw, [DE 30], and on May 29, 2012, he advised the Court that such motion was unopposed. [31]  On June 4, 2012, the Court granted previous counsel's motion to withdraw.  [DE32]

On July 3, 2012, the Court entered the Order to Show Cause which this Response addresses. [DE 33 – docketed July 9, 2012]

On July 23, 2012, the undersigned entered an appearance in this case (and in 06-cv-724-RJL) on behalf of all Plaintiffs. [DE 34]

### PLAINTIFFS' DIRECT RESPONSE TO THE ORDER TO SHOW CAUSE

Plaintiffs respectfully submit that the appropriate course of action in this case is to proceed under 28 U.S.C. Sec. 1608 to the entry of a judgment on liability and damages in favor of the Plaintiffs.  The only open question is the manner in which the Court wishes to have the Plaintiffs proceed to present the evidence necessary for the entry of judgment on the default.

---

[4]   For example, under 28 U.S.C. Sec. 1608, the Court can conduct a hearing with live testimony on both liability and damages, make a determination based on affidavits on both liability and damages, hold a hearing with live testimony on liability and consider affidavits on damages, or the Court can hear the liability evidence (either on live testimony or on affidavits) and have damages evidence presented to a Special Master.

Section 1608(e) of the FSIA provides in relevant part that, "No judgment by default shall be entered by a court of the United States … against a foreign state … unless the claimant establishes his claim or right to relief by evidence satisfactory to the court." 28 U.S.C. § 1608(e).

Thus, where, as here, default is entered against a foreign state defendant under Rule 55(a), the plaintiff must still "establish[] his claim or right to relief by evidence satisfactory to the court" before default judgment can enter under Rule 55(b).

A federal court can of course hold a regular hearing (before the district judge or on referral to a magistrate judge) at which the plaintiff presents evidence of liability and damages as required by § 1608(e). However, for reasons of efficiency and to preserve judicial resources, federal courts can and often do direct or permit plaintiffs to show liability, damages, or both, through sworn declarations and affidavits. *See e.g. Belkin v. Islamic Republic of Iran*, 667 F.Supp.2d 8, 20 (D.D.C. 2009) ("In default judgment cases, plaintiffs may present such evidence in the form of affidavits or declarations rather than through live witnesses testifying in open court."); *Accord*, *Greenbaum v. Islamic Republic of Iran*, 451 F. Supp. 2d 90, 94-95 (D.D.C. 2006 ("In evaluating the plaintiffs' proof, the court may accept as true the plaintiffs' uncontroverted evidence…. Plaintiffs' evidence may also take the form of sworn affidavits or prior transcripts.")(citations omitted).

Additionally, FSIA § 1605A(e) expressly provides that "[t]he courts of the United States may appoint special masters to hear damage claims brought under," § 1605A, and that such special masters shall be compensated from funds available under the Victims of Crime Act of 1984. 28 U.S.C. § 1605A(e). *See also In re Islamic Republic of Iran Terrorism Litigation*, 659 F.Supp.2d 31, 61 (D.D.C. 2009) (discussing § 1605A(e)).

Such special masters have frequently been appointed to hear and make recommendations on damages claims particularly where, as here, there are a large number of plaintiffs. *See e.g. Fain v. Islamic Republic of Iran*, --- F.Supp.2d ----, 2012 WL 1377595 at *13, 2012 U.S. Dist. LEXIS 55479, *36 (D.D.C. April 20, 2012) ("Here, appointment of a special master would not impose undue expenses on any party and will not result in unreasonable delay—a prerequisite set forth in Fed.R.Civ.P. 53(a)(3). To the contrary, the use of special masters will affirmatively assist the Court in the efficient resolution of claims in this action.").

As noted above in note 4, the Court has an array of combinable or alternative options as to how to proceed to default judgment in this matter pursuant to § 1608(e), including: referring proof of liability and/or damages to a magistrate judge (a course the Court already has rejected); directing plaintiffs to submit their evidence of liability and/or damages via affidavits and declarations; and/or appointing a special master pursuant to § 1605(A)(e) to make a recommendation on damages.

In order to discuss these options, plaintiffs respectfully seek a conference with the Court at the earliest practicable date in order to ascertain the method in which the Court would direct Plaintiffs to submit their evidence on liability and damages so that the case can move forward to the entry of judgment in favor of the Plaintiffs and against these Defendants.[5]

**WHEREFORE**, the Order to Show Cause docketed in this Court on July 9, 2012, [DE 33], should be discharged.

---

[5]    In their Reply to the Defendants' Opposition to the motion which sought a referral to a Magistrate Judge for these purposes, Plaintiffs fully addressed the completely specious arguments Defendants attempted to raise in order to forestall the entry of judgment in this case.  [DE 29]  There is no obstacle whatsoever to proceeding to the entry of judgment and Plaintiffs are entitled to nothing less.

Respectfully Submitted,


/S/ David I. Schoen
David I. Schoen
D.C. Bar No. 391408
David I. Schoen, Attorney at Law
2800 Zelda Road, Suite 100-6
Montgomery, Alabama  36106
(334) 395-6611
DSchoen593@aol.com
Counsel for Plaintiffs


## CERTIFICATE OF SERVICE

I hereby certify that on July 30, 2012, I filed the foregoing Response to Order to Show Cause, via the ECF system which served the following counsel of record:


Ramsey Clark, Esq.
Lawrence W. Schilling, Esq.
37 West 12th St.
New York, NY 10011
Counsel for all Defendants


/S/ David I. Schoen
David I. Schoen (DC Bar No. 391408)
Counsel for Plaintiffs

7