UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

| | |
|---|---|
| SHABTAI SCOTT SHATSKY *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Case No. 02-2280 (RJL) |
| ) | |
| PALESTINE LIBERATION ORGANIZATION ) | |
| and PALESTINIAN AUTHORITY, ) | **FILED** |
| ) | |
| Defendants. ) | OCT 31 2013 |
| --- | Clerk, U.S. District & Bankruptcy Courts for the District of Columbia |
| SHABTAI SCOTT SHATSKY *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Case No. 08-0496 (RJL) |
| ) | |
| SYRIAN ARAB REPUBLIC *et al.*, ) | |
| ) | |
| Defendants. ) | |

---

MEMORANDUM ORDER

October 31, 2013

The Court currently has before it two lawsuits stemming from the same, tragic event—the February 16, 2002 suicide bombing in the West Bank village of Karnei Shomron that killed or injured plaintiffs and plaintiffs' family members. Indeed, these two cases initially started out as one when the plaintiffs filed their initial lawsuit (Civil Case No. 02-2280, "*Shatsky I*") in 2002 against *both* the Palestinian Defendants[1] and the

---

[1] The Court refers to defendants the Palestine Liberation Organization ("PLO") and the Palestinian

Syrian Defendants[2], alleging wrongful death, personal injury and related torts under the Anti-Terrorism Act, 18 U.S.C. § 2333. The cases only became separate in 2005 when plaintiffs made a strategic litigation choice to voluntarily dismiss the Syrian Defendants from *Shatsky I* in order to pursue default judgment against the Palestinian Defendants. *See* Pls.' Notice Pursuant to Fed. R. Civ. P. 41(a)(1)(i) of Voluntary Dismissal of the Action Against Certain Defendants, May 2, 2005, No. 02-2280 [Dkt. # 55].[3] Plaintiffs then initiated a new action in 2006 ("*Shatsky II*") against the Syrian Defendants, alleging material support of terrorism under a provision of the Foreign Sovereign Immunities Act ("FSIA").[4]

Now, following a long history of procedural twists and turns in each case, circumstances have evolved such that in *Shatsky II* plaintiffs are seeking default judgment against the Syrian Defendants, while in *Shatsky I* summary judgment briefing is under

---

Authority ("PA") collectively as the "Palestinian Defendants."

[2] The Court refers to defendants the Syrian Arab Republic and several Syrian governmental agencies and persons collectively as the "Syrian Defendants."

[3] Although in 2005 plaintiffs explained their decision to voluntarily dismiss the Syrian Defendants from *Shatsky I* as resulting from their desire "to avoid any delay in entry of final judgment against the PLO and PA that might result from the pendency of the action against the other [Syrian] defendants by operation of Fed. R. Civ. P. 54(b)," *see* Pls.' Notice Pursuant to Fed. R. Civ. P. 41(a)(1)(i) of Voluntary Dismissal of the Action Against Certain Defendants, May 2, 2005, No. 02-2280 [Dkt. # 55], plaintiffs subsequently asserted in 2012 that they made this decision and initiated a new action against the Syrian Defendants because "the factual allegations and supporting evidence" are different in the two cases, because the statutory bases of the two cases are distinct, with one permitting jury trial and the other not, and because of unspecified "[a]dditional practical reasons." *See* Pls.' Response to Order to Show Cause, July 30, 2012, No. 08-0496 [Dkt. # 35] at 2.

[4] Plaintiffs filed this second case against the Syrian Defendants as Civil Case No. 06-0724. Due to a change in the FSIA which superseded the statutory basis on which No. 06-0724 was based, however, plaintiffs filed a new suit, Civil Case No. 08-0496, making the same allegations but under the new statute. *See* Pls.' Response to Order to Show Cause, July 30, 2012, No. 08-0496 [Dkt. # 35] at 2-3. The Court later consolidated No. 06-724 with No. 08-496. *See* Minute Order, Jan. 2, 2013, No. 08-0496. For

way following the 2011 vacator of the entry of default for the Palestinian Defendants and subsequent discovery. *See* Mem. Op. and Order Granting Defs.' Mot. to Vacate Clerk's Entry of Default, July 6, 2011, No. 02-2280 [Dkt. ## 126, 127]; Scheduling Order, Sept. 19, 2011, No. 02-2280, [Dkt. # 136]. This reversal of circumstances, however, does not change the fact that both cases grow out of the same bombing incident and involve substantial factual overlap. Indeed, at a May 23, 2013, status conference with plaintiffs' then-new counsel[5] held to address how to move *Shatsky II* forward, the Court specifically inquired of plaintiffs' counsel "what would be gained in this case from waiting to see how the other case [*Shatsky I*] is resolved . . . [?]" *See* Tr. at 5. While plaintiffs' counsel expressed his view that the two cases are sufficiently distinct to move toward default judgment in *Shatsky II* (by presenting evidence on liability and damages, as required by the FSIA, 28 U.S.C. § 1608(e)), I expressly reserved judgment on that very question and took the matter under advisement. *See* Tr. at 9 (". . . unless on reflection I come to the conclusion I should wait in this case to follow whatever happens in the other case [*Shatsky I*], *which I won't prejudge that*" (emphasis added)).[6] Shortly thereafter, I

---

simplicity, the Court refers to these two consolidated cases collectively as "*Shatsky II*."

[5] Plaintiffs' current counsel entered his appearance in *Shatsky I* on March 4, 2013 [Dkt. # 229] and later entered his appearance in *Shatsky II* on May 20, 2013 [Dkt. # 36].

[6] At the hearing, the Court invited plaintiffs to submit a letter to the Court with any further suggestions on how to proceed. *See* Tr. at 7. Plaintiffs' counsel subsequently submitted two letters, dated May 29, 2013 and August 14, 2013, expressing his view that *Shatsky II* need not wait on the conclusion of summary judgment briefing in *Shatsky I* and suggesting that plaintiffs present evidence to the Court by means of declarations and live testimony in order to proceed to a default judgment in *Shatsky II*. In the second letter, plaintiffs' counsel indicated that he would be available in September to present such evidence. The Court's calendar, which included presiding over a two-week trial at the end of July 2013 and a three-week trial in September-October 2013, has been rather full, however. Then, on October 24, 2013, plaintiffs filed

approved the parties' proposed summary judgment briefing schedule in *Shatsky I*, which concludes in January 2014. *See* Minute Order Granting Mot. for Briefing Schedule, June 26, 2013, No. 02-2280.

To date, extensive discovery and fact development have taken place in *Shatsky I*. Indeed, the Court anticipates that the summary judgment briefs now being drafted in *Shatsky I* will set forth facts related to the bombing that is at the heart of both cases— including facts concerning who perpetrated the bombing, who provided support to them, and the injuries to plaintiffs resulting from the attack—that will be relevant to, and will undoubtedly aid the Court in assessing, liability and damages in *Shatsky II*.[7] Accordingly, the Court has decided to wait to hold a hearing (or otherwise address liability and damages) in *Shatsky II* until *after* summary judgment briefing and arguments are complete in *Shatsky I* so that it may take full advantage of the fact development and briefing in this closely related case. Moreover, to avoid any potential delays to the existing summary judgment briefing schedule that could cause a corresponding delay in *Shatsky II*, the Court will hold a hearing in November on the recently filed discovery motion in *Shatsky I* in order to speed resolution of that issue. Accordingly, it is hereby

**ORDERED** that a hearing in *Shatsky I* (Civil Case No. 02-2280) shall be held before this Court on November 13, 2013 at 11:30 AM, regarding Defendants' Motion to

---

in the U.S. Court of Appeals for the D.C. Circuit a petition seeking a writ of mandamus ordering this Court to schedule an evidentiary hearing to take evidence pursuant to 28 U.S.C. § 1608(e). *See* Pet., Oct. 24, 2013, No. 13-7172.

[7] In fact, at the May 23, 2013 hearing plaintiffs' counsel conceded that "some liability issues" and plaintiffs'

Enforce this Court's Order of June 6, 2013 [Dkt. # 248] and any opposition thereto; and it is further

**ORDERED** that, following the conclusion of summary judgment briefing and arguments in *Shatsky I*, a hearing in *Shatsky II* (Civil Case No. 08-0496) shall be scheduled regarding liability and damages pursuant to 28 U.S.C. § 1608(e).

**SO ORDERED.**

RICHARD J. LEON
United States District Judge

---

injuries are the same in both cases. *See* Tr. at 6.