UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SHABTAI SCOTT SHATSKY, *et al.*,

Plaintiffs,

-against-

THE SYRIAN ARAB REPUBLIC, et al.,

Defendants.

Civil Action No. 08-496 (RJL)

# **PLAINTIFFS' MOTION TO SCHEDULE A CONFERENCE**

Abbe David Lowell (#358651)
Winston & Strawn LLP.
1700 K Street, N.W.
Washington, DC 20006
Tel: (202) 282-5000
Fax: (202) 282-5100
adlowell@winston.com

Joy L. Langford (#451728)
Norton Rose Fulbright US LLP.
799 9th Street, N.W.
Washington, DC 20001
Tel: (202) 974-5647
joy.langford@nortonrosefulbright.com

*Counsel for Plaintiffs*

August 3, 2018

NOW COME PLAINTIFFS and respectfully move to schedule a conference to determine the method by which the Court prefers that plaintiffs present their proof of liability and damages, as required by 28 U.S.C. § 1608(e), so that this case can proceed to default judgment. In support of this motion, plaintiffs respectfully state as follows:

This is a civil action under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1605A, arising from terrorist attacks carried out by the Popular Front for the Liberation of Palestine ("PFLP") on March 26, 1991 and February 16, 2002. The defendants in this action are the Syrian Arab Republic and several Syrian agencies and instrumentalities, which have provided massive material support and resources to the PFLP for decades. DE 1.

Service of process was effectuated pursuant to FSIA § 1608(a)(4) through diplomatic channels. DE 17. Defendants filed a Fed. R. Civ. P. 12(b) motion to dismiss on jurisdictional grounds that was denied by the Court on February 25, 2010. Following denial of their Rule 12(b) motion, defendants did not file an answer. Defendants' willful failure to file an answer following denial of their Rule 12(b) motion conformed with their stated intention of defending this case on jurisdictional grounds only. DE 19 at 29 ("The Syrian Arab Republic has responded to this lawsuit brought against it in U.S. Courts … solely to contest U.S. claims to jurisdiction over it.").

In light of defendants' failure to file an answer the plaintiffs requested entry of defendants' defaults pursuant to Fed. R. Civ. P. 55(a). Defendants' defaults were duly entered on March 19 and March 22, 2010. DE 25-26. While entry of default alone normally establishes a defendant's liability, the FSIA provides that: "No judgment by default shall be entered … against a foreign state, a political subdivision thereof, or an agency or instrumentality of a foreign state, unless the claimant establishes his claim or right to relief by evidence satisfactory to the court." FSIA § 1608(e). Therefore, notwithstanding defendants' default, plaintiffs will be entitled to a

default *judgment* only after demonstrating defendants' liability and their own damages. *See e.g. Wachsman v. Islamic Republic of Iran*, 537 F.Supp.2d 85, 91 (D.D.C. 2008) ("A court shall not enter a default judgment against a foreign state 'unless the claimant establishes his claim or right to relief by evidence satisfactory to the court.' 28 U.S.C. § 1608(e); This 'satisfactory to the court' standard is identical to the standard for entry of default judgments against the United States in Federal Rule of Civil Procedure 55(e).") (citation omitted).

However, one of the two attacks from which this case arises (the February 16, 2002 suicide bombing) was also the subject of a separate action before this Court brought against the Palestinian Liberation Organization ("PLO") and the Palestinian Authority ("PA") under the civil provisions of the Anti-Terrorism Act, 18 U.S.C. § 2233 (Civ. No. 02-2280), and on October 31, 2013, the Court ordered that the FSIA § 1608(e) enquiry in this case would be held in abeyance pending the proceedings in the action against the PLO and PA. *See* DE 37 at 5 (directing that "following the conclusion of summary judgment briefing and arguments" in the PLO/PA case, "a hearing in [] (Civil Case No. 08-0496) shall be scheduled regarding liability and damages pursuant to 28 U.S.C. § 1608(e).").

Summary judgment has been entered in favor of the PLO and PA in Civ. No. 02-2280, and the plaintiffs therefore wish to proceed to judgment in this case pursuant to FSIA § 1608(e). In this regard, the plaintiffs respectfully request a conference with the Court in order to discuss and seek guidance from the Court as to the manner in which the Court wishes to have the plaintiffs present the evidence necessary for the entry of default judgment. Specifically, the judges of this court typically conduct § 1608(e) enquiries in terrorism cases in several different ways:

- The liability and damages evidence are all presented for the first time at a live hearing, as in a regular trial;

- Plaintiffs submit some or all of their liability and damages evidence on papers, and the court then conducts an abbreviated hearing to fill any gaps and address any questions the court may have; or

- Plaintiffs submit all their liability and damages evidence on papers, and the Court rules on the basis of the written record without conducting a hearing.

Obviously, each of these methods has certain advantages and disadvantages, especially in respect to the use of time. In this case, which involves two separate terrorist attacks and a large number of plaintiffs and liability and damages witnesses, plaintiffs estimate that about two weeks would be necessary to present their liability and damages evidence in a regular trial format.

Two other tools available to and commonly used by the judges of this court in § 1608(e) proceedings are referral of the § 1608(e) determination to a magistrate judge, and/or the appointment of a Special Master to perform the damages inquiry. Indeed, the FSIA expressly provides that "[t]he courts of the United States may appoint special masters to hear damage claims brought under," § 1605A, and that such special masters shall be compensated from funds available under the Victims of Crime Act of 1984. 28 U.S.C. § 1605A(e).

Plaintiffs therefore respectfully request that the Court schedule a conference, in order to examine and provide guidance to the plaintiffs regarding the Court's preferences as to how to best and most efficaciously proceed in this matter.

Dated:   August 3, 2018

3

        Respectfully submitted,

        WINSTON & STRAWN LLP.


By    /s/ Abbe David Lowell_____

        A Member of the Firm

        1700 k Street, N.W.
        Washington, DC 20006
        Tel: (202) 282-5000
        Fax: (202) 282-5100
        adlowell@winston.com

        Joy L. Langford (#451728)
        Norton Rose Fulbright US LLP.
        799 9th Street, N.W.
        Washington, DC 20001
        Tel: (202) 974-5647
        joy.langford@nortonrosefulbright.com


*Counsel for Plainitffs*

## **CERTIFICATE OF SERVICE**

I hereby certify, that on the 3nd day of August 2018, I caused a true and correct copy of the foregoing **Plaintiffs' Motion To Schedule A Conference** to be filed and served electronically via CM/ECF:

**David I. Schoen**
DAVID I. SCHOEN, ATTORNEY AT LAW
2800 Zelda Road
Suite 100-6
Montgomery, AL 36106-3700
(334) 395-6611
(917) 591-7586 (fax)
dschoen593@aol.com

**William Ramsey Clark**
37 West 12th Street
Suite 2B
New York, NY 10011
(212) 989-6613
(212)979-1583 (fax)
lwschilling@earthlink.net

*Counsel for Plaintiffs*

/s/ Abbe D. Lowell
Abbe D. Lowell