IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
)
SHABTAI SCOTT SHATSKY, *et al.*,         )
)
Plaintiffs,         )
)    Civil Action No. 08-cv-00496-RJL
v.                      )
)
THE SYRIAN ARAB REPUBLIC, *et al.*,       )
)
Defendants.      )
_____  )

### THE SHATSKY PLAINTIFFS' NOTICE REGARDING
### THE DEATH OF DECLARANT ITZHAK ILAN AND RELATED ISSUES

On October 16, 2020, the Shatsky Plaintiffs submitted to the Court the Second Declaration of Arieh Dan Spitzen ("Spitzen Declaration") (DE 52), which establishes that the Popular Front for the Liberation of Palestine ("PFLP") carried out the February 16, 2002, suicide bombing in which the Shatsky Plaintiffs were injured and their decedents killed.

Mr. Spitzen relies in his Second Declaration, *inter alia*, on a report published in 2007 by Israel's domestic counterterrorism agency, the Israel Security Agency ("ISA"), which found that the PFLP carried out the 2002 bombing. While expert witnesses such as Mr. Spitzen may rely on materials that are not themselves admissible (*see* Fed. R. Evid. 703), the Shatsky Plaintiffs elected to adopt a "belt-and-suspenders" approach by demonstrating that the 2007 ISA Report is itself independently admissible.

To that end, the Shatsky Plaintiffs submitted a declaration from Itzhak Ilan, the former Deputy Head of the ISA. (DE 50). Mr. Ilan's declaration provides factual details regarding the investigatory and fact-finding processes that generated the findings contained in the 2007 ISA

Report. *Id.* Plaintiffs intend to demonstrate that the facts set forth in Mr. Ilan's declaration establish that the findings in the 2007 ISA Report that the PFLP carried out the 2002 bombing are independently admissible under Fed. R. Evid. 803(8)(A) as "factual findings from a legally authorized investigation" and/or as "a matter observed while under a legal duty to report."

Unfortunately, on October 16, 2020, a month after his declaration was filed with the Court, Mr. Ilan passed away unexpectedly at age 64, from complications related to COVID-19.

The Shatsky Plaintiffs respectfully believe that the Court can and should accept Mr. Ilan's declaration, notwithstanding his passing, for several reasons:

***First***, the sole purpose of Mr. Ilan's declaration is to present the factual predicates necessary to establish the admissibility of the 2007 ISA Report. It is black-letter law that a federal court may rely on affidavits or declarations for purposes of ruling on questions of admissibility. "[W]e reject Ismoil's contention that the District Court improperly considered the Government's affidavit in determining the admissibility of Ismoil's statement. The Federal Rules of Evidence explicitly permit the District Court to do so. *See* Fed.R.Evid. 104(a) (court not bound by rules of evidence in preliminary proceedings concerning admissibility of evidence, except for issues of privilege); Fed.R.Evid. 1101(d)(1) (evidence rules inapplicable to '[t]he determination of questions of fact preliminary to admissibility of evidence when the issue is to be determined by the court under rule 104')." *U.S. v. Yousef*, 327 F.3d 56, 145 (2d Cir. 2003).

Thus, the court could accept and rely on Mr. Ilan's declaration, without requiring live testimony, even if this was a *contested* case. All the more so in a default context.

***Second***, in the context of default proceedings under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1608(e), which requires "evidence satisfactory to the court," it is well established that courts may, and in fact frequently do, rely on declarations or affidavits (without

live testimony), even regarding substantive, *merits* issues of liability and damages. "In [FSIA] default judgment cases, plaintiffs may present such evidence in the form of affidavits or declarations rather than through live witnesses testifying in open court." *Belkin v. Islamic Republic of Iran*, 667 F. Supp. 2d 8, 20 (D.D.C. 2009). *See also e.g.  Sheikh v. Republic of Sudan*, No. CV 14-2090 (JDB), 2020 WL 5203496, at *3 (D.D.C. Aug. 31, 2020) ("Satisfactory evidence includes sworn affidavits or declarations."); *Doe v. Democratic People's Republic of Korea*, 414 F. Supp. 3d 109, 120 (D.D.C. 2019) ("default judgments under § 1608(e) may rely on the plaintiffs' affidavits and declarations").  *See also, generally, Owens v. Republic of Sudan*, 864 F.3d 751, 785 (D.C. Cir. 2017) (a "lenient standard [regarding evidence] is particularly appropriate for a FSIA terrorism case, for which firsthand evidence and eyewitness testimony is difficult or impossible to obtain from an absent and likely hostile sovereign."); *Han Kim v. Democratic People's Republic of Korea*, 774 F.3d 1044, 1048-51 (D.C. Cir. 2014) (noting that "courts have the authority—indeed, we think, the obligation—to adjust evidentiary requirements to differing situations" and admitting affidavits in a FSIA default proceeding) (internal alterations and quotation marks removed).

Therefore, the court could rely on Mr. Ilan's declaration, without requiring live testimony, even if his declaration related to a *merits* issue. This rule should apply with more force where, as here, the declaration does not even address the merits.

***Third***, it would be extremely difficult to find a substitute witness. Generally, former ISA officials are not permitted to testify in court (especially outside of Israel) about information obtained during the course of their duties. "Israel maintains the secrecy of the true identities of the ISA agents, as well as identifying characteristics. Given this secrecy and the ISA's safety concerns for its agents, Israel has never before permitted ISA agents to give live testimony in the

United States … Given that Israel considers the true identities of the ISA agents and the substance of their testimony classified, American authorities have certified it as classified." *U.S. v. Abu Marzook*, 412 F. Supp. 2d 913, 919 (N.D. Ill. 2006) (citation omitted).

Mr. Ilan's agreement to provide testimony in this case required him to obtain special permission, and it is unlikely that plaintiffs will be able to find another witness with the requisite personal knowledge, who agrees to testify in this case, *and* who can obtain permission to do so.

Accordingly, the Shatsky Plaintiffs respectfully request that the Court accept and rely on Mr. Ilan's declaration, filed on September 15, 2020, notwithstanding his unexpected passing.

Dated:   October 26, 2020

                        Respectfully submitted,

/s/ Abbe David Lowell

WINSTON STRAWN, LLP
   1901 L Street, N.W.
   Washington, DC 20036
   Tel: (202) 282-5875
   adlowell@winston.com

NORTON ROSE FULBRIGHT
   Joy L. Langford
   901 H Street, N.W.
   Washington, DC 20036
   Tel: (202) 974-5605
   joy.langford@nortonrosefulbright.com

*Counsel for the Shatsky Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify, that on 26th day of October, 2020, I caused a true and correct copy of the foregoing **Shatsky Plaintiffs' Notice Regarding the Death of Declarant Itzhak Ilan and Related Issues** to be filed and served electronically via CM\ECF.

    Counsel for Plaintiffs

    /s/ Abbe D. Lowell