UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHABTAI SCOTT SHATSKY, *et al.*,<br><br>Plaintiffs,<br><br>-against-<br><br>THE SYRIAN ARAB REPUBLIC, *et al.,*<br><br>Defendants. | Civil Action No. 08-496 (RJL) |

**PLAINTIFFS' MOTION FOR ENTRY OF JUDGMENT BY DEFAULT ON LIABILITY**

Asher Perlin (#FL0006)
LAW OFFICE OF ASHER PERLIN
4600 Sheridan Street, Suite 303
Hollywood, Florida 33021
786-687-0404
asher@asherperlin.com

*Counsel for the Mendelson Plaintiffs*

Abbe David Lowell (#358651)
WINSTON & STRAWN, LLP
1901 L Street, N.W.
Washington, D.C. 20036
adlowell@winston.com

Joy L. Langford (#451728)
NORTON ROSE FULBRIGHT
901 H Street, N.W.
Washington, DC 20036
Tel: (202) 974-5605
Fax: (202) 974-6705
joy.langford@nortonrosefulbright.com

*Counsel for the Shatsky Plaintiffs*

February 21, 2023

Pursuant to the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1608(e), Rule 55(b) of the Federal Rules of Civil Procedure, and Local Civil Rule 7, the Plaintiffs hereby move for entry of final judgment by default against Defendant, Syrian Arab Republic ("Syria").

More specifically, Plaintiffs hereby respectfully move the Court to: (i) enter judgment on liability against Syria; (ii) refer the matter of Plaintiffs' damages to a Special Master appointed pursuant to 28 U.S.C. § 1605A(e); and then, after reviewing the Special Master's damages report and recommendations, (iii) enter final judgment by default against Syria.

In support of their Motion the Plaintiffs state as follows:

1. Syria, and three defendants that are Syrian governmental entities (the Syrian Ministry of Defense, the Syrian Air Force Intelligence Directorate, and Syrian Military Intelligence), were properly served in this action pursuant to FSIA § 1608(a)(4) on April 2, 2009. DE 17.

2. On June 22, 2009, Syria and the Syrian governmental entity defendants filed a motion to dismiss on jurisdictional grounds. DE 19. In a February 25, 2010 order, the Court denied the motion to dismiss.

3. Syria and the Syrian governmental entity defendants never filed an answer or any other motion, and their defaults were therefore duly entered on March 19, 2010 (as to the Syrian government entity defendants) and March 22, 2010 (as to Syria itself). DE 25, 26.

4. Defendants' willful failure to file an answer following denial of their motion to dismiss squared with their expressly-stated intention of defending this case on jurisdictional grounds only. *See* DE 19 at 29 ("The Syrian Arab Republic has responded to this lawsuit brought against it in U.S. Courts … solely to contest U.S. claims to jurisdiction over it.").

5. This action is therefore ripe for entry of judgment by default.

6. Though the three Syrian entity defendants were named and served, they are in fact and in law political subdivisions of Syria and are thus legally identical to Syria itself. *Cf. Roth v. Syrian Arab Republic*, 2018 WL 4680270, at *7 (D.D.C. Sept. 28, 2018) (Syrian Air Force Intelligence is the foreign state itself); *Baker v. Socialist People's Libyan Arab Jamahirya*, 775 F. Supp. 2d 48, 74 (D.D.C. 2011) (same). Therefore, because each of the Syrian governmental defendants here "is treated as the state itself under the FSIA ... Syria is the only Defendant in this case against whom damages can be sought." *Gates v. Syrian Arab Republic*, 580 F. Supp. 2d 53, 64 (D.D.C. 2008), *aff'd*, 646 F.3d 1 (D.C. Cir. 2011). Similarly, the other defendants in this action, who are individual Syrian government officials, were never served, and should be dismissed from this case.

7. Accordingly, Plaintiffs now move for default judgment against Syria, which "is the only Defendant in this case against whom damages can be sought." *Gates*, 580 F. Supp. 2d at 64.

8. The entry of default judgment against a foreign state defendant is governed by FSIA § 1608(e), which provides in relevant part: "No judgment by default shall be entered by a court of the United States ... against a foreign state ... unless the claimant establishes his claim or right to relief by evidence satisfactory to the court." Thus, despite the foreign state defendant's failure to defend, "the entry of a default judgment is not automatic." *Mwani v. Bin Laden*, 417 F.3d 1, 6 (D.C. Cir. 2005). *Cf. Mark v. Islamic Republic of Iran*, ___ F.Supp.3d ____, 2022 WL 4103854, at *1 (D.D.C. Sept. 8, 2022). Rather, under the FSIA, plaintiffs must establish their claims or right to relief by proffering evidence that is "satisfactory to the court." 28 U.S.C. § 1608(e). *Cf. Roeder v. Islamic Republic of Iran,* 333 F.3d 228, 232 (D.C. Cir. 2003) ("The court . . . has an obligation to satisfy itself that plaintiffs have established a right to relief."); *Han Kim v. Democratic People's Republic of Korea*, 774 F.3d 1044, 1048 (D.C. Cir. 2014) (discussing flexible evidentiary standards when state sponsors of terrorism default and access to evidence is limited).

9. To establish Syria's civil liability for the two terrorist attacks from which this action arises, Plaintiffs previously submitted to the Court the extensively detailed declaration testimony of renowned terrorism experts Dr. Matthew Levitt, Prof. Daniel L. Byman, Dr. Jonathan Spyer, and Arieh Dan Spitzen, the foundational declarations of Itzhak Ilan and Avi Har Zahav, as well as supporting documentation.[1] DE 49-52.

10. While any or all of the Plaintiffs' experts can, of course, provide live testimony if the Court so directs, it is well established that FSIA § 1608(e) does not require an evidentiary hearing. "An evidentiary hearing is not required; a plaintiff may establish proof by affidavit, declarations, or other written materials as plaintiffs can otherwise obtain." *Neiberger v. Islamic Republic of Iran*, 2022 WL 17370239, at *1 (D.D.C. Sept. 8, 2022), *report and recommendation adopted*, 2022 WL 17370160 (D.D.C. Sept. 30, 2022) (cleaned up) (quoting cases). *Cf. Belkin v. Islamic Republic of Iran*, 667 F. Supp. 2d 8, 20 (D.D.C. 2009) ("In [FSIA] default judgment cases, plaintiffs may present such evidence in the form of affidavits or declarations rather than through live witnesses testifying in open court."); *Fields v. Syrian Arab Republic*, Civ. No. 18-1437 (RJL), 2021 WL 9244135 (D.D.C. Sept. 29, 2021) (entering default judgment against Syria without a hearing, on the basis of expert affidavits and documentary evidence submitted by plaintiffs).

11. FSIA § 1605A authorizes courts to "appoint special masters to hear damage claims brought under this section." 28 U.S.C. § 1605A. Therefore, it has become commonplace for courts in this district to address liability first and, upon a finding of liability, refer the case to a special master for findings as to damages. This is particularly so where, as here, there are a large number

[1] Dr. Levitt and Mr. Spitzen have each provided two declarations – one in support of the claims of the Mendelson Plaintiffs and another on behalf of the Shatsky Plaintiffs. *See* DE 49-2 (Levitt-Mendelson), DE 51 (Spitzen-Mendelson), DE 50-3 (Levitt-Shatsky), and DE 52 (Spitzen-Shatsky).

of plaintiffs. "The Court finds that appointing a special master in this case, as it has done in other multiple-plaintiff FSIA terrorism actions, would not create unreasonable expense or delay and would help efficiently resolve this action." *Bathiard v. Islamic Republic of Iran*, 2019 WL 3412983, at *5 (D.D.C. July 29, 2019). *Cf. Worley v. Islamic Rep. of Iran*, 75 F. Supp. 3d 311, 338-39 (D.D.C. 2014) (discussing court's adoption of Administrative Plan Governing Special Masters); *Maupin v. Syrian Arab Republic*, 405 F. Supp. 3d 75 (D.D.C. 2019); *Kaplan v. Central Bank of the Islamic Rep. of Iran*, 55 F. Supp. 3d 189, 200 (D.D.C. 2014).

12. Given the large number of Plaintiffs in this action, the limits on the Court's resources, and in the interests of judicial economy, Plaintiffs respectfully request that, after finding Syria liable, the Court refer the calculation of Plaintiffs' damages to a Special Master appointed pursuant to 28 U.S.C. § 1605A(e), and that following the Court's receipt and review of the Special Master's damages report and recommendations, it enter final judgment by default against Syria.

13. In support of this motion, Plaintiffs submit the attached Memorandum of Points and Authorities.

14. Plaintiffs also submit herewith a Proposed Order entering judgment as to liability.

**WHEREFORE**, Plaintiffs respectfully request that the Court (i) enter judgment on liability against Syria; (ii) refer the matter of Plaintiffs' damages to a Special Master appointed pursuant to 28 U.S.C. § 1605A(e); and then, after reviewing the Special Master's damages report and recommendations (iii) enter final judgment by default against Syria.

Dated: February 21, 2023

Respectfully submitted,

LAW OFFICE OF ASHER PERLIN

By: /s/ Asher Perlin

4600 Sheridan Street, Suite 303
Hollywood, Florida 33021
786-687-0404
asher@asherperlin.com

*Counsel for the Mendelson Plaintiffs*

WINSTON & STRAWN, LLP

By: /s/ Abbe David Lowell

A Member of the Firm

1901 L Street, N.W.
Washington, DC 20036
Tel: (202) 282-5875
adlowell@winston.com

NORTON ROSE FULBRIGHT

Joy L. Langford
901 H Street, N.W.
Washington, DC 20036
Tel: (202) 974-5605
joy.langford@nortonrosefulbright.com

*Counsel for the Shatsky Plaintiffs*