UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SHABTAI SCOTT SHATSKY, et al.,          )
                                        )
        Plaintiffs,                     )
                                        )
    v.                                  )   Civil Case No. 08-496 (RJL)
                                        )
SYRIAN ARAB REPUBLIC, et al.,           )
                                        )
        Defendants.                     )

### ORDER
(July 12, 2024) [Dkt. #64]

Pursuant to its authority to appoint special masters "to hear damages claims brought under" 28 U.S.C. § 1605A(e) and Federal Rule of Civil Procedure 53, the Court hereby appoints Alan L. Balaran ("Mr. Balaran" or the "Special Master") as special master to take evidence and file a report and recommendation regarding the measure of individual compensatory damages for which the defendants, the Syrian Arab Republic ("Syria") and certain of its governmental entities and officials, are liable to the plaintiffs herein.

Rule 53 requires that a potential special master "file[] an affidavit disclosing whether there is any ground for [his] disqualification under 28 U.S.C. § 455." Fed. R. Civ. P. 53(b)(3)(A). Mr. Balaran has supplied (1) an affidavit asserting his impartiality and (2) a curriculum vitae. The Court finds both submissions satisfactory and fully compliant with Rule 53.

Pursuant to Rule 53 and the inherent authority of the Court, the Court now sets forth the duties and terms of Mr. Balaran's appointment as special master.

1. The Special Master shall have the rights, powers, and duties set forth in Rule 53. The Special Master may adopt procedures consistent with Rule 53. He may take all appropriate measures to fairly and efficiently perform the assigned duties.

2. The Special Master shall hear and examine damage evidence and make determinations as to compensatory damages, subject to the Court's review. The Special Master shall, as to each claim, submit a report to the Court containing recommended findings of fact and conclusions of law regarding the amount of, and legal basis for, damages. The report or reports shall contain an evaluation of each item of damages and state which cause or causes of action or legal theories govern each Plaintiff's right of recovery and the amounts thereof.

3. The Special Master shall preserve all materials submitted to him by the Plaintiffs until 60 days after the time to file an appeal of any final determination as to damages is made by the Court. *See* Rule 53(b)(2)(C).

4. In accordance with Rule 53(b)(2)(B), the Special Master may communicate *ex parte* with the Court at his discretion, without providing notice to the parties.

5. The Special Master may communicate *ex parte* with any party or his attorney, as the Special Master deems appropriate, to ensure the efficient administration and management of this Order of Reference, including the making of informal suggestions to the parties to facilitate compliance with orders of the Court.

6. Pursuant to Rule 53(f)(2), any party may file an objection to a finding, report, or recommendation by the Special Master within 21 calendar days of the date it is electronically filed. Failure to meet this deadline will result in the permanent waiver

of any objection to the Special Master's findings, reports, or recommendations. Absent timely objection, the Special Master's findings, reports, and recommendations shall be deemed approved, accepted, and ordered by the Court, unless the Court expressly directs otherwise.

7. The Special Master shall have the full cooperation of the parties and their counsel. The parties will make readily available to the Special Master any and all facilities, files, databases, and documents which are necessary to fulfill the Special Master's functions under this Order of Reference.

8. The Special Master shall be paid $1,200 per day and shall be reimbursed for all reasonable expenses incurred in the performance of the duties herein described. Where less than a full workday is expended by the Special Master in performance of his duties under this plan, the voucher shall indicate the portion of the day worked. Where less than a full work day but more than one-half (four hours) of a work day is expended, the Special Master shall be paid $1,200 for that day. Where less than one-half (four hours) of a work day is expended, the Special Master shall be paid $600 for that day. Additional expenses beyond meals, lodging, and transportation shall not exceed $350 per day. Should any question arise as to expenses, the regulations promulgated by the Internal Revenue Service regarding business expenses shall govern and, subject to the above limitation, all expenses qualifying as business expenses under Treas. Reg. § 1.162-1 shall be paid, including compensation for the "labor" of a legal assistant or associate attorney.

9. Pursuant to 28 U.S.C. § 1605A(e)(2), the Special Master is to be compensated "from funds available for the program under section 1404C of the Victims of Crime Act of 1984." Within two weeks of the entry of any damages award in this case, the Special Master shall provide Plaintiffs with vouchers itemizing, for each day of work, the amount of time worked, the nature of the work done, and the amount of any business expenses incurred. Such vouchers shall also include a calculation of total payment sought. Within two weeks of receiving any such voucher, Plaintiffs shall file a motion with the Court seeking the Court's order that the Clerk coordinate payment with the U.S. Department of Justice.

10. In accordance with Rule 53(b)(2), the Special Master shall "proceed with all reasonable diligence."

**SO ORDERED**.

_____
RICHARD J. LEON
United States District Judge